VARLEY DUPLEX MAGNET CO. v. OSTHEIMER et al.

(Circuit Court of Appeals, Second Circuit. February 11, 1908.)

No. 104.

1. FRAUD—DECEIT—ALLEGATIONS AND PROOF.
   In an action for fraud inducing the execution of a contract, it is not sufficient for plaintiffs to show that they did not get what they paid for, but fraud involving deception must be alleged and proved.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, §§ 55–59.]

2. SAME—MISREPRESENTATIONS.
   In an action for fraud inducing plaintiffs to purchase an option to buy certain patents, a statement in the option that defendant would sell 49 patents "issued" in foreign countries, when, in fact, none of the patents had been issued, was calculated to deceive.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, §§ 3–5.]

3. TENANCY IN COMMON—KNOWLEDGE AND ACTS OF CO-TENANTS.
   Defendant gave D. a written option for the sale of 49 patents represented to have been issued in certain foreign countries for $600,000 to expire March 1, 1900, with the privilege of a further extention of four months on payment of $20,000. D. negotiated with plaintiff for a sale of the option and patents, and, the original option being about to expire, plaintiff paid defendant two-thirds of the $20,000 for the extension; the remaining one-third being paid by D. *Held*, that D. was not plaintiff's agent in any sense, but that plaintiff and D. acquired the option in common, and that plaintiff was not therefore charged with D.'s knowledge prior to such payment that the patents had not been issued, nor was plaintiff bound by an agreement executed by D. the year after the execution of the option reciting that the money paid for the extension had been forfeited.

4. EVIDENCE—PRESUMPTIONS.
   Where plaintiff and D. owned an option to purchase certain patents in common, there was no legal presumption arising from the fact that D. showed the option to plaintiff, that he also showed plaintiff subsequent letters indicating that the patents had not in fact been issued.

5. FRAUD—CONTRACT—MISREPRESENTATIONS—WAIVER.

Where plaintiff was induced to purchase in common with D. an option for the sale of certain patents, falsely reciting that the patents had been issued in certain foreign countries, the contract was executed on plaintiff's part when it bought the option and paid for it before plaintiff was informed that it contained any misstatements, and hence plaintiff did not waive the fraud under the rule that, when a person after learning that he has been induced to enter into a contract by fraud executes it notwithstanding the deceit, he waives the fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, § 30.]

6. EVIDENCE—LETTERS—SELF-SERVING DECLARATIONS.

A party cannot introduce in his own behalf letters written subsequent to one offered by his opponent, under the rule that, where part of a letter or document or conversation is received, the whole may come in for purpose of explanation which rule has been extended to admit prior letters referred to in the letter admitted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1096–1099.]

7. SAME—CORRESPONDENCE BETWEEN STRANGERS.

A letter written by one stranger to another is not rendered admissible against a party by sending it to him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1051–1060.]

8. SAME—BEST EVIDENCE—FOUNDATION.

Copies of letters should not be received in the absence of proof that the originals had been lost, or that search has been made therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 561–569.]

In Error to the Circuit Court of the United States for the Southern District of New York.

Writ of error to review a judgment of the Circuit Court, entered upon the verdict of a jury in favor of the defendants in error, who were the plaintiffs below. In this opinion the parties are designated as in the court below.

Treadwell Cleveland, for plaintiff in error.

Coudert Bros. and Frederic R. Coudert (Paul Fuller, Jr., of counsel), for defendants in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. This is an action to recover damages for fraud. The complaint alleges, in substance, that in December, 1899, the defendant gave a written option to one Drake for the sale of 49 patents issued in certain foreign countries for $600,000 to expire March 1, 1900, but with the privilege of a further extension for four months upon the payment of $20,000; that Drake entered into negotiations with the plaintiffs for the sale of said option and patents; that the original option being about to expire, the plaintiffs, induced by and relying upon the statements therein, paid to the defendant two-thirds of said $20,000 for the extension thereof, the remaining one-third being paid by said Drake; that at the time of the execution of said option and of said payment the defendant did not own said patents and the same had not been issued or applied for; that the representations contained in said option were false and fraudulent; and that the plain-

tiffs have been damaged. The answer admits the making of the option and the payment for the extension thereof. It also admits that the patents mentioned in the option had not been actually issued at the time it was extended, but alleges that Drake was aware of this fact and informed the plaintiffs, who at all times knew and approved the situation regarding the patents. It denies any *statement* which ever deceived or misled the plaintiffs. The plaintiffs having obtained a verdict, the defendant brings this writ. We may conveniently consider the claims of error relied upon as embodied in the points of the defendant's brief.

The defendant claims in its first point that there was no deception of the plaintiffs by the defendant, and consequently that the complaint should have been dismissed. This is not an action of assumpsit. It is not enough to show that the plaintiffs did not get what they paid for—that the consideration failed. Fraud is alleged and must be proved. Fraud involves deception. If the plaintiffs were *not* deceived, they cannot recover. The statement in the option that the defendant would sell 49 patents "issued" in foreign countries, when in fact no patents had then been issued, was calculated to deceive. Still, if the plaintiffs knew when they paid their money that it was not true, they were not deceived or defrauded; but there is no evidence to show that they had any actual knowledge that it was not true. All that the defendant claims is that Drake's knowledge should be imputed to them.

Now, it does not appear that, when the option was given, Drake knew that the patents had not been issued. But the letters from the defendant between that time and the time the money was paid—in which the filing of applications for patents is mentioned—must fairly have apprised him of the situation. We may therefore adopt the defendant's contention that at the time of the payment of the money, Drake knew that the statement in the option was untrue. But it is not claimed that Drake was ever expressly created the agent of the plaintiffs, so that they are bound by his knowledge or that there was any partnership agreement. It is claimed that the law implies such agency from the relationship of the parties. The plaintiffs, with Drake, paid the money for the extension of the option. They took the option and the rights thereunder in common. No partnership was created, and one co-owner was not in law the agent of the others. They merely owned together the option rights as they would any other property. Drake may not have been deceived. He may have no cause of action. But we cannot impute his knowledge to the plaintiffs.

In its second point the defendant claims that the court erred in refusing to submit to the jury the question of Drake's authority to execute an agreement a year after the execution of the option, in which he stated that the money paid for the extension of the option had been forfeited. If this statement was merely the expression of Drake's opinion as to the then existing situation, it was immaterial. If offered to show a release of the plaintiffs' claim for fraud, there was no evidence to warrant the jury in finding that Drake had, in fact, authority to make it. And, for reasons already stated, no such authority can be implied as a matter of law from the relations of the parties. Consequently there was no question to be submitted to the jury.

159 F.—42

The defendant's third point is that the court erred in failing to charge that the defendant had the right to presume that, if Drake showed the option to the plaintiffs, he also showed the subsequent letters indicating that the patents had not in fact been issued. The probability that Drake would show his associates all the correspondence was proper for the jury to consider. But there is no legal presumption in the matter.

The defendant's fourth point is that, if any fraud were committed by the defendant upon the plaintiffs, they waived it by their subsequent conduct. Under this point the defendant claims that, soon after the money was paid, the plaintiffs learned of the alleged fraud, but they did not disaffirm the contract and continued on under it. And the defendant cites authorities which hold that when a person, after learning of the fraud which has induced him to enter into a contract, goes forward and executes it notwithstanding the deceit, he waives the fraud and cannot recover damages therefor. But these principles are inapplicable here. The plaintiffs did not go forward and execute the contract after discovering the alleged fraud. They executed the contract on their part when they bought the option and paid for it, which, as alleged and shown, was before they knew that the option contained misstatements.

In its fifth point the defendant claims that the court erred in admitting in evidence certain letters and copies of letters offered by the plaintiffs. Among these letters were several from the plaintiff Ostheimer to Drake dated many months after the payment of the money and the expiration of the option. These letters are claimed to have been admissible as supplementing another letter of an earlier date from the said plaintiff to Drake which had been offered in evidence by the defendant. In support of this claim, the plaintiffs call attention to the rule that, where part of a letter, document, or conversation is received, the whole may come in for purposes of explanation. This rule has also been extended so as to admit prior letters referred to in the letter which has been admitted. But no rule permits a party to put in his own letters written subsequently to the one offered by the other side. A party must testify under oath, and cannot make evidence by writing letters. He cannot relieve himself of statements made one day by showing that the next day he said something different. The letters were clearly inadmissible. Two letters from Bolton to Berg, total strangers to the controversy, were also admitted in evidence, and were obviously inadmissible. It is not entirely clear whether both of these letters came into Drake's possession, and were forwarded to Varley; but whether they did or not is immaterial. The letter of a stranger to a stranger is not rendered admissible against a party by sending it to him. That there was prejudicial error in admitting these letters appears from the fact that in one of them Bolton wrote that he did not "think Mr. Varley in America was straight with you." The letters from Bolton to Drake and from Berg to Drake which were received in evidence were also inadmissible for the reasons stated.

There was also error in receiving copies of several letters in the absence of proof that the originals had been lost, or that search had been made therefor. In explanation of these rulings, it is proper to

point out that the evidence was taken in France and presented in court in the form of depositions, so that the party offering it had no opportunity to correct mistakes. This circumstance undoubtedly led the trial court into the errors stated.

As a new trial must be had, we think it unnecessary to consider the remaining points in the defendant's brief. Upon another trial, it is possible that other evidence may be offered, and it would serve no useful purpose to discuss the weight of the evidence received upon the last one.

A new trial is ordered.