# Leinbach's Estate.

*Constitutional law—Amending act—Act not purporting to be amended—Purpose of act—Incidental operations of statutes— Special legislation—Classification—Sufficiency of title.*

1. The Act of May 9, 1889, P. L. 168, entitled "An act relating to the adoption of any person as an heir," is constitutional, and does not offend against either Section 6, Section 7, or Section 3 of Article III, of the Constitution.

2. While the Act of May 9, 1889, P. L. 168, incidentally operates to change the provisions for distributive shares of a decedent's estate, under the Act of April 8, 1833, P. L. 315, its effect is not to amend or extend the Act of May 4, 1855, P. L. 430, by charging the course of descent therein directed, and giving to the class of children any different shares or portions than they were entitled to under the conditions there recited, but simply to qualify as legal children certain parties who theretofore were denied adoption, to wit, adults.

3. There is a fundamental distinction warranting separate legislative classification of children as distinguished from adults, and an act providing for the adoption of the latter is not unconstitutional as being special legislation.

4. The title of the Act of May 9, 1889, P. L. 168, directs attention to the fact that the subject is the adoption of "any person as heir," which was the true and only object of the legislation, and it is, therefore, within the constitutional requirement.

Argued March 3, 1913. Appeal, No. 345, Jan. T., 1912, by B. Franklin Leinbach and Warren J. Thomas, Executors of Albert Leinbach, from decree of O. C. Berks Co., June Term, 1912, No. 73, confirming adjudication in the Estate of Jonathan G. Leinbach, deceased. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Exception to adjudication. Before BLAND, P. J.

From the record it appeared that on November 2, 1903, Jonathan G. Leinbach, the decedent, presented his petition to the Court of Common Pleas of Berks County, under provisions of the Act of May 9, 1889, P. L. 168, for the adoption of Carrie R. Madeira, who was at that time 28 years of age. The court made the decree of adoption as prayed for. Decedent left surviving him a widow and collateral heirs, including a brother, Albert Leinbach. The decedent made a bequest to Carrie R. Madeira by will but died intestate as to a large portion of his estate. At the adjudication of the account of the decedent's executors, the adopted daughter claimed the estate of which the decedent died intestate. The brother, Albert Leinbach, objected upon the ground that the act under which the adoption was had was unconstitutional, which objection was overruled and the estate awarded to the adopted daughter.

*Error assigned* was in dismissing exceptions to the adjudication.

*Joseph R. Dickinson,* with him *Lee Friday,* for appellants.—The effect of the Act of 1889 is to amend the Act of April 1, 1833, P. L. 316, and extend and confer rights of inheritance given by it to persons not therein named but named in the Act of 1889, and since so much of the old law as is amended, extended or conferred is not re-enacted and published at length in the Act of 1889, the latter is void under Section 6, Article III, of the Constitution: Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627; Pittsburgh's Petition, 138 Pa. 401; Burnett's Est., 219 Pa. 599; Phillip's Est., 17 Pa. Superior Ct. 103; Goldstein v. Hammell, 49 Pa. Superior Ct. 39.

The Act of 1889 is a special law in that it authorizes the adoption of certain children and changes the laws of descent, and thereby offends against Section 7, Arti-

cle III, of the Constitution: Ayars's Appeal, 122 Pa. 266; Ruan Street, 132 Pa. 257; Commonwealth v. Gilligan, 195 Pa. 504; Evans v. Phillipi, 117 Pa. 226; Frost v. Cherry, 122 Pa. 417; Pulaski Township Poor Dist. v. Lawrence County, 34 Pa. Superior Ct. 602.

*Isaac Hiester,* with him *Benj. Y. Shearer,* for appellee.—The Act of May 9, 1889, P. L. 167, is not an amendment of the intestate laws. The act creates an artificial relationship and introduces a new member into the class of children but this is done subject to the existing laws relating to the mutual duties and obligations imposed by law on parent and child without any amendment of any of these acts: Searight's Est., 163 Pa. 210; Greenfield Avenue, 191 Pa. 290; Sugar Notch Borough, 192 Pa. 349; Pinkerton v. Traction Co., 193 Pa. 229; Stull v. Reber, 215 Pa. 156; Commonwealth v. Broad St. Rapid Transit Co., 219 Pa. 11; Gilbert's Est., 227 Pa. 648.

OPINION BY MR. JUSTICE STEWART, May 12, 1913:

The argument in support of appellants' contention that the Act of May 9, 1889, P. L. 168, entitled "An act relating to the adoption of any person as an heir," is unconstitutional, rests on three distinct propositions, either one of which if made good would necessarily prove fatal to the act. The first is that the act is an amendment to the Act of April 8, 1833, P. L. 315, relating to the descent and distribution of the estates of intestates. If this be so, inasmuch as the amending act does not re-enact so much of the original act as is amended, extended or confirmed, and does not publish the same at length, it offends against Article III, Section 6, of the Constitution. Second: that it is a special law authorizing the adoption of children changing the law of descent and succession, and in this respect offends against Section 7 of the same article. Third: that the subject of the act is not clearly expressed in the title, thus offending against Section 3 of the same arti-

cle. It is to be remarked with respect to the first proposition, that the act does not purport to be an amendment. This circumstance of course does not end all inquiry, but it is a clear indication that amendment was not within the legislative purpose; and while the amendatory character of the act may notwithstanding be disclosed by the provisions of the act as related to existing statutes, yet we start in such further inquiry with the presumption in favor of the complete independence of the act within itself. An examination of the provisions of the act in question instead of overcoming or weakening this presumption sustains and confirms it. When the legislature passed the act it had before it the fact that in the Act of May 4, 1855, P. L. 430, the words child and children as they there occur had been made to embrace one who had by legal adoption been given "the rights of a child and heir of the adopting parent." So far as the right of inheritance was concerned, legally adopted children were put upon the same plane with natural children. This extended signification of the words was just as firmly fixed as though it had been expressed in terms in the original act, and that act must be so read. So read, it becomes apparent that the effect of the Act of May 9, 1889, was not to amend or extend the Act of 1855 by changing the course of descent therein directed, and giving to the class of children any different shares or portions than they were entitled to under the conditions there recited, but simply to qualify as legal children certain parties who theretofore were denied adoption, to wit, adults. In an incidental way this may and certainly does, operate to change distributive shares, but this inference does not make the act amendatory. Its general purpose was not to change the course of descent, or enlarge or diminish the shares of those before entitled to take, but make it possible for the individual person to receive into his own family on the footing of child and heir such person as he may select regardless of the age of such

person. "The restrictions of the constitution upon leg-
islation apply to direct legislation, not to the incidental
operation of statutes constitutional in themselves upon
other subjects than those with which they directly
deal": Sugar Notch Borough, 192 Pa. 349. Again, in
Searight's Est., 163 Pa. 210, it is said: "The Constitu-
tion does not make the obviously impracticable require-
ment that every act shall recite all other acts that its
operation may incidentally affect, either by way of re-
peal, modification, extension or supply. The harmony
or repugnance of acts not passed with reference to the
same subject can only be effectually developed by the
clash of conflicting interests in litigation, and the set-
tlement of said questions belongs to the judicial not the
legislative department." In Greenfield Avenue, 191 Pa.
290, this is said: "The rule deducible from all the
cases may be stated as follows,......an act which is
complete in itself—the purpose, meaning and full scope
of which are apparent on its face—is valid, although it
may operate to alter, extend or repeal a prior act or may
provide for the means of carrying its provisions into
effect by a reference to a course of procedure established
by other acts of the legislature."

The argument employed to sustain the second propo-
sition is ingenious but not convincing. The fundamental
distinction warranting separate legislative classifica-
tion of children as distinguished from adults, has been
recognized so repeatedly in existing statutes relating
exclusively to minors, that it would be a labor to cite
the instances. Certainly in view of all this legislation
resting fundamentally on this clear and natural dis-
tinction it will not be contended that the Act of May 19,
1887, P. L. 125, authorizing the adoption of minors of-
fends against the restriction forbidding special legisla-
tion. We need spend no effort in vindicating it. As-
suming that legislation to be general because operating
upon all the objects of one class of children, how does
legislation operating upon the only remaining class of

the same objects become special? The argument assumes that it would be special, but the assumption is without warrant. We may admit for present purposes that a repeal of the Act of May 19, 1887, would leave in force the Act of 1889 relating to adults, but what of it? It would be no more special legislation than the earlier Act of 1887. The classification being entirely proper it would be within legislative power to continue the privilege of adoption to adults alone, and the only question would be as to the wisdom of the legislation.

The third proposition mistakes the real purpose of the constitutional requirement as to the sufficiency of title. We have said again and again that it was never intended that the title of an act should be a complete index of its context, and that all that is required is that the title shall fairly give notice of the subject of the act so as to reasonably lead to an inquiry into the body of the bill. The purpose of the requirement was to reform a legislative practice which had theretofore prevailed of passing enactments under titles which, because of the generality of the words used therein, gave not even a hint of the subject legislated upon, and so far correct the practice that the title of acts thereafter should be so indicative of the subject of the act as to lead to inquiry and not mislead and extrap: Com. v. Green, 58 Pa. 226; Jewell's Est., 235 Pa. 119. The title to the act in question directs attention at once to the fact that the subject is "The adoption of any person as an heir," which was the true and only object of the legislation. While it is fairly open to the criticism that the general words "any person" include more than does the act which limits the objects to adult persons, the exception taken to this does not bring it within the condemned practice which so enlarged the enactment and restricted the title that the latter stood in little if any relation to the former, so far as giving notice was concerned. The mischief never was that the title embraced more than the act, but just the reverse. The other criticism would condemn

the title because it includes less than does the act.
Here again the criticism is just, but without force, since
by no possibility could such circumstance mislead by
diverting attention from the true object of the legisla-
tion. The reference in the title is to the adoption of
"any person as heir." It is argued that as so limited
succession to real estate is all that could be implied,
whereas the act gives to the person adopted all the rights
of a child and heir of the adopting parent, thus extend-
ing the right of succession to personal property as well.
In view of what we have already said as to the purpose
of the constitutional requirement, further comment with
respect to this branch of the argument is unnecessary.
We are of opinion that the act stands clear of constitu-
tional objection, and the several assignments of error
are therefore overruled, and the decree is affirmed at
costs of appellants.