Lehigh Valley Coal Company Appeal.

Argued Nov. 28, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Samuel W. Rhoads,* for appellant.

*Thomas C. Evans,* with him *Phil H. Lewis,* Deputy Attorney General, *James H. Duff,* Attorney General, and *R. Laurence Coughlin,* for appellee.

*James P. Harris,* for Borough of Kingston.

*Charles B. Waller,* for interested parties, under Rule 61.

OPINION BY MR. JUSTICE HUGHES, December 29, 1944:

This appeal arose on exceptions to the decree of a State Mining Commission holding that no coal owned by the appellant was taken by the Commonwealth of Pennsylvania for the support of Pierce Street as a State Highway; that 50% of the original solid coal must be left in place for the support of Pierce Street, and that the appellant may mine 152,935 tons within the support area, the balance of the unmined coal to be left in place.

The Act of June 25, 1937, P. L. 2279, 2301, Route 40116 (36 PS §1753-2, page 509), declared Pierce Street in the Borough of Kingston, from the center of the North Street Bridge to Wyoming Avenue, a State Highway. By a lease, dated April 3, 1889, the petitioner acquired all the coal underlying the surface of the land of L. D. Shoemaker over which Pierce Street runs, the lease providing that the appellant may mine without liability for damage to the overlying surface.

Under the Act of 1874, P. L. 73 (15 PS §3), the Wilkes-Barre and Kingston Bridge Company was chartered to construct a bridge over the Susquehanna River from North Street in Wilkes-Barre to a point in lands of L. D. Shoemaker. The bridge was opened for travel in September, 1888, and so continued as a toll bridge until condemned by Luzerne County by appropriate proceedings in 1908.

The approach to the bridge on the Kingston side of the river is Pierce Street, but the records of Luzerne County contain no evidence of condemnation of that

approach. However, it is conceded that Pierce Street is a public highway, but it is denied that the underlying coal was ever condemned. The appellant contends, therefore, that the State Mining Commission had no authority to draw the conclusion that "the owner of the coal was under the obligation of removing the same in such manner that the surface of the highway would not be affected; that no additional burden was placed upon the owner of the coal when the street was made a State Highway, and that no coal owned by the petitioner was then taken by the Commonwealth for the support of the said highway." It is contended there is no authority in the Act creating the Commission to adjudicate title and right of surface support under the petition before it. An examination of the title of the Act of 1941, P. L. 259, under which this proceeding was brought, indicates that the Commission may award damages and determine by whom damages shall be paid. That is notice that the Commission was given power to determine the rights and liabilities as to damages. "It was never intended that the title of an act should be a complete index of its contents, and that all that is required is that the title shall fairly give notice of the subject of the act so as to reasonably lead to an inquiry into the body of the bill": *Mallinger v. Pittsburgh,* 316 Pa. 257, 262, 175 A. 525; *Leinbach's Estate,* 241 Pa. 32, 88 A. 67. The power granted the Commission gives them jurisdiction to adjudicate such title as becomes necessary in determining the right to damages and the amount thereof, if any, which is to be paid.

The petitioner in this case prayed that the Commission determine the amount of coal, if any, to be left in place under Pierce Street and the party or parties by whom the expense shall be paid, and to determine and assess damages, if any, for coal of the petitioner to be left in place. To determine these things the Commission must first determine the rights of the parties. If the State had the right of surface support, it could not properly be ordered to pay for it under an order directing the

petitioner to leave enough coal in place to support the surface. If the act under which the Commission operates is to be effective, the Commission must have power to adjudicate title to the extent required to effectuate its purpose. "A statutory grant of a power or right carries with it, by implication, everything necessary to carry out the power or right and make it effectual and complete": 59 C. J. 973, Sec. 575.

The petitioner in seeking damages carries the burden of showing it is entitled to damages, that it has the right to remove the coal regardless of the effect upon the surface by such removal. In this case the petitioner failed to meet the burden which was upon it.

The appellant contends that the State Mining Commission could not determine that a bridge approach was a public highway entitled to vertical and lateral coal support, in the absence of any evidence of purchase or condemnation of the support coal by the bridge company. Prior to 1888 the property in question, including both the surface and coal, was owned by L. D. Shoemaker. The charter of the bridge company, dated January 27, 1887, stated the company was formed for the purpose of constructing and maintaining a bridge over the Susquehanna River at the foot of North Street in the City of Wilkes-Barre, "thence across said river to a point in lands of L. D. Shoemaker in Kingston Township, Luzerne County." The record disclosed the bridge was completed and open for travel in September, 1888, and that it has continually been used for that purpose down to the present time. Subsequent to the time when the bridge company commenced operation and made use of Pierce Street as a public highway, L. D. Shoemaker leased the coal under his property on the west side of the Susquehanna River, in what is now Kingston Borough, including the part of Pierce Street in question, to the Lehigh Valley Coal Company. That lease, dated April 3, 1889, provided: "That the lessee shall not be liable for injury done to the surface of the demised premises." In

1908 Luzerne County, by condemnation proceedings against the Wilkes-Barre and Kingston Bridge Company, took over all of its property and rights in connection with the Pierce Street Bridge and Pierce Street. Subsequently, by the Act of June 25, 1937, P. L. 2320, the State Highway Commission took over the bridge and street from the county and made it a State Highway. Under these facts the Commission held that the Commonwealth acquired a right of way, underlaid with mineable coal, and the Commission has jurisdiction to determine what coal should be left in place for the highway in question, although no additional burden of support was placed upon the owner of the coal at the time the highway became part of the State Highway system. In *Carter v. Ridge Turnpike Company*, 22 Pa. Superior Ct. 162, 208 Pa. 565, 57 A. 988, when it was found there was no evidence to show that the defendant ever paid for the land or entered security therefor, or to show by what proceeding or under what circumstances it entered into possession, it was held (p. 172 of the Superior Court opinion, supra) : "In the present case there has been a conclusive determination of the extent of the appropriation, by the contemporary acts of the parties, and the continuous appropriation of all the ground. The right of the company began at the time of the original entry, and every reason urged in support of the statute of limitations, as statutes of repose, is emphasized by the facts of this case. The use of the land as a turnpike from 1872 to 1899, without evidence to explain how it began, is presumed to have been in pursuance of a full and unqualified grant: *Garrett v. Jackson,* 20 Pa. 331. Through twenty-seven years no act was done or word spoken by the owner of the land in opposition to the occupation and use by the turnpike company, and such acquiescence in the use of a public highway passing through the farm occupied and tilled by the owner raises the presumption of an original grant. The execution of a deed, says GIB-SON, C. J., is presumed from possession in conformity to

it for thirty years; and why the entire existence of a deed should not be presumed from acts of ownership for the same period which are equivalent to possession, it would not be easy to determine: *Taylor v. Dougherty,* 1 W. & S. 324; *Carter v. Tinicum Fishing Co.,* 77 Pa. 310. While a mere possession is not sufficient to give title, the character of continued use, as found in this case, necessarily implies that it was adverse and hostile from the time of original entry. A similar use of the land by township authorities would raise the presumption that it had been originally laid out by proper authorities, or that it had been dedicated by the owner: 9 Am. & Eng. Encyc. of Law, 2d ed., 66."

Since the land in question in this case was occupied by the bridge company and its successors since September, 1888, it is presumed that the title was acquired by purchase or eminent domain. However it was acquired, the right of surface support accompanied it. The burden of showing it had a right to remove the coal was on the petitioner, and it has disclosed nothing that would permit it the right to remove the surface support. Before the Lehigh Valley Coal Company leased the coal from L. D. Shoemaker he had divested himself of that section of the surface occupied by Pierce Street, and with the surface went the right to have it undamaged by the removal of the subjacent coal. See *Scranton v. Peoples Coal Company,* 256 Pa. 332, 335, 100 A. 818; *Breisch et al. v. Locust Mountain Coal Company et al.,* 267 Pa. 546, 550, 110 A. 242.

The condemnation by eminent domain by the County of Luzerne in 1908, of the bridge and this section of Pierce Street, is a condemnation of the right to surface support as against the underlying owner, even though the surface owner has released to the underlying owner this right to surface support: *Commonwealth v. Pardee Bros. et al.,* 310 Pa. 353, 165 A. 396; *Glen Alden Coal Company's Case,* 339 Pa. 149, 14 A. 2d 76; *Union Collieries Company Appeal,* 345 Pa. 531, 29 A. 2d 26.

It was the duty of the Commission to determine the amount of coal to be left for vertical and lateral support and having found that the Commonwealth owned the right to such support, the Commission had no right to make an award in damages to the petitioner for it.

The remaining question raised by the appellant complained of the refusal to reopen the hearing to admit after-discovered evidence that the bridge company had neither purchased nor condemned the coal support prior to the purchase by the Lehigh Valley Coal Company, with the right to remove the same without liability for damage to the overlying surface. This evidence was a letter by L. D. Shoemaker to the Wilkes-Barre and Westside Railway Company, dated June 4, 1889, and another from one Paul Bedford to the Wilkes-Barre Railway Company, dated April 21, 1917. Both letters were contained in the files of the Railway Company. The Shoemaker letter demanded removal of rails "from my premises". When this letter was written, Shoemaker had already divested himself of the section of Pierce Street in question and under the circumstances this letter could arise no higher than a self-serving declaration. Bedford's letter related to a conversation with John B. Reynolds, one of the incorporators of the Bridge Company. In 1917, the time it was written, the Bridge Company had no interest in the street or bridge and had long been out of business. The learned Chairman of the Commission adequately points out: "The mere statement or assertion that the 'premises' were owned by him lacks probative force and is incompetent. *The Eureka Insurance Co. v. Robinson,* 56 Pa. 256-266. The transactions between Shoemaker and the Railway Company were res inter alios acta and not admissible in this proceeding. 22 Cyc. 741, Sec. 832. *Hartzell v. Ebbvale Mining Co.,* 239 Pa. 602-606. *Varley Duplex Magnet Co. v. Ostheimer,* 159 Fed. 655-658. The Bedford letter is wholly hearsay and not admissible to prove the statements contained therein."

The State Mining Commission under their proper jurisdiction entered a decree fully supported by the evidence and the judgment should be affirmed.

Judgment affirmed.