## Allegheny County Home's Case.

1. The title of an act was "An Act providing for an equitable division of property between Allegheny county and city of Pittsburg." The county composed a poor district, known as the Allegheny County Home; certain townships of the county were annexed to Pittsburg; two sections of the act provided that the value of the interest of the annexed townships in the Home property should be ascertained and paid to the guardians of the poor of Pittsburg; the third section extended the provisions of the act to Allegheny City as provided for Pittsburg. *Held*, that the two sections were constitutional, and did not contain more than one subject which was not expressed

| | |
|---|---|
| 77 | 77 |
| 128 | 330 |
| 77 | 77 |
| 130 | 478 |
| 77 | 77 |
| 131 | 15 |
| 77 | 77 |
| 144 | 107 |
| 146 | 254 |
| 77 | 77 |
| 148 | 571 |
| 77 | 77 |
| f 193 | 262 |
| 77 | 77 |
| 195 | 237 |
| 77 | 77 |
| 20 SC | ²491 |
| 77 | 77 |
| 24 SC | ²445 |
| e 24 SC | ¹648 |
| 77 | 77 |
| f 27 SC | ¹404 |
| 77 | 77 |
| 214 | ²213 |

77    77
32 SC ²547

77    77
35 SC ²248
36 SC ¹384

77    77
f222  ²458
f37SC²628

77    77
227  ² 17
f39SC²459

[Allegheny County Home's Case.]

in the title: and even if the third section were unconstitutional, that did not affect the constitutionality of the other sections.

2. All that is required is that the title fairly give notice of the subject of the act, so as reasonably to lead to an inquiry into its body.

3. The title should not mislead or tend to avert inquiry into the contents of the act.

November 3d 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Appeal from the Court of Quarter Sessions of *Allegheny county*: Of October and November Term 1874, No. 228.

The question in this case was the constitutionality of an Act of Assembly, approved May 25th 1871 (Pamph. L. 1138). Its title was, "An Act providing for an equitable division of property between the county of Allegheny and the city of Pittsburg."

The act recited, that certain parts of Allegheny, viz.: The borough of Lawrenceville and the townships of Pitt, Oakland, Collins, Liberty and Peebles, had been under Act of April 5th 1867, consolidated with the city of Pittsburg; that before the consolidation, the said borough and townships formed part of the poor district of Allegheny county, known as the Allegheny County Home, and had an interest in the property belonging to the Home; that by the Act of Consolidation, &c., the said borough and townships "became a part of the poor district, under the care of the guardians for the relief and employment of the poor of the city of Pittsburg."

By Sect. 1, it was enacted that the Court of Quarter Sessions of Allegheny county, on the petition of the guardians, &c., of the poor of Pittsburg, with notice to the Home, should appoint three commissioners, to perform the following duties:—

1. To inquire and ascertain the value of all the property belonging to the Home at the time the consolidation was consummated.

2. To inquire and ascertain what interest in said property the said borough and townships had as part of the poor district, known as the Allegheny County Home, at the time of the annexation to the poor district of Pittsburg, &c.

3. To inquire and ascertain what sum should be paid by the Home to the guardians of the poor of Pittsburg, for the interest of the said borough and townships in the property of the Home at the time of the consolidation. The commissioners to report to the Court of Quarter Sessions.

Sect. 2. The Court of Quarter Sessions to make such decree on the report of the commissioners as justice might require, with the right to a certiorari or writ of error from the Supreme Court to the decree.

Sect. 3. The provisions of the act were "extended to the city of Allegheny and consolidated districts thereof, in like manner

as provided for the city of Pittsburg and consolidated districts thereof."

On the 19th of August 1871, "the guardians of the poor of the city of Pittsburg," petitioned the Court of Quarter Sessions of Allegheny county to appoint commissioners to perform the duties required by the Act of May 25th 1871. Commissioners were accordingly appointed. The committee reported, making a distinct finding on each matter referred to them; they found that the value of the interest of the borough of Lawrenceville, and the annexed townships in the Home property at the time of the consolidation was $6085.72, which they reported the Allegheny County Home should pay to the guardians, &c., of the poor of Pittsburg, with interest from the date of consolidation. The court, after exceptions, corrected the report by striking off the interest, and with that correction confirmed the report.

The Allegheny County Home took out a certiorari and assigned for error that the Act of March 25th 1871 was unconstitutional, because the bill contained more than one subject, which was not clearly expressed in the title.

*R. Woods* and *G. P. Hamilton* (with whom was *S. Woods*), for certiorari, cited Constitution of Pennsylvania, art. 1, § 8, 1 Br. Purd. 34 (Amendments of 1864); Yeager *v.* Weaver, 14 P. F. Smith 427.

*J. I. Kuhn, contrà.*—Although the 3d section of the act be void, this does not render the other sections void: Williams *v.* Payson, 11 Louisiana Ann. Rep. 7; Blood *v.* Mercelliott, 3 P. F. Smith 391; Commonwealth *v.* Green, 8 Id. 234; Dorsey's Appeal, 22 Id. 192. It is sufficient for the requirements of the Constitution, if the provisions of an act come fairly within the object expressed in the title: Church Street, 4 P. F. Smith 353; Brewster *v.* Syracuse, 19 New York Rep. 116; Parkinson *v.* State, 14 Md. 184.

Judgment was entered in the Supreme Court, November 16th 1874.

PER CURIAM.—The assignments of error raise but one question, to wit: the constitutionality of the Act of April 25th 1871, entitled "An Act providing for an equitable division of property between the county of Allegheny and the city of Pittsburg."

Perhaps the petition ought to have used the names of the city and county, and not of the guardians of the poor; but as the poor districts of the city and the county are respectively identical with the city and county in regard to the interests involved in the proceeding, the error is of no moment, and at all events is not assigned.

The act is clearly constitutional as to the city of Pittsburg and the county of Allegheny, these parties being named in the title.

If the section relating to the city of Allegheny be unconstitutional, as asserted, it does not affect that part of the act referred to in the title. Dorsey's Appeal, 22 P. F. Smith, 192. The course of decision in this court has been intended to carry out the true intent of the amendment of 1864, as to the title and subject of bills, instead of resorting to sharp criticism, which must often bring legislation to nought. The Amendment of 1864 was in substance proposed in the Constitutional Convention of 1837–8, and rejected, because it was feared it would render legislation too difficult and uncertain and lead to litigation. It will not do, therefore, to impale the legislation of the state upon the sharp points of criticism, but we must give each title, as it comes before us, a reasonable interpretation, *ut res magis valeat quam pereat.* If the title fairly gives notice of the subject of the act, so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary. It need not be an index to the contents, as has often been said. But on the other hand it should not mislead or tend to avert inquiry into the contents, as was held in the case of the Union Passenger Railway Co., decided at Philadelphia in 1873. In view of this current of decision we cannot say that this title is too vague or is misleading. It substantially, though without particularity, describes the subject of the act and its purpose.

A division of property between the county of Allegheny and the city of Pittsburg fairly implies that there is a joint or a common ownership; that the subject of this ownership is, or may be, all property so held, and the fact that this division is provided for and is to be equitable, imports that the act is to contain a just method to be pursued in making the division. This substantially informs us of the subject of the enactment and the provisions relating to it. Surely the Amendment of 1864 does not require the title to go further and to itemize and describe the property in detail. Such an interpretation would make the act and the title but repetitions of each other. And it is not more reasonable to demand that the mode of division should be stated in the title. We think the title is sufficiently comprehensive as well as precise. If we say it does not substantially indicate the subject and purpose of the act, we shall open a wide door, at which litigation will enter, and establish a precedent which will strike down much legislation.

The city of Allegheny is not before us, and as to the section relating to that city we express no opinion. It does not stand in the same relation as the city of Pittsburg as to the title of the act.

Proceedings affirmed with costs.