# Snyder County to use *v.* Wagenseller, Appellant.

*Constitutional law—Constitution of Pennsylvania—Article III, Section 3—Statutes—Title of act—Notice—Act of June 9, 1891, P. L. 248—Validity—County treasurer—Liquor license fees—Commissions.*

1. The general rule is that to comply with the constitutional requirements the title of an act need only give such notice of the subject-matter as to fairly and reasonably lead to an inquiry into the body of the bill.

2. The title of the Act of June 9, 1891, P. L. 248, amending Section 8 of the Act of May 13, 1887, P. L. 108, contains not only a

specific reference to the original act by its title, but also refers specifically to the subject-matter of that act; the provisions of the body of the amendatory act are germane to the subject of the original legislation, and the title cannot be said to be misleading as failing to give notice of the legislative intent to exempt the various municipalities from liability for a proportionate share of the expense of collecting license fees.

3. Under the said Act of 1891, a county treasurer is not entitled to retain a commission on liquor license fees collected by him and paid to the treasurer of a borough.

Argued June 3, 1918. Appeal, No. 202, Jan. T., 1917, by defendant, from judgment of Superior Court, March T., 1917, No. 14, affirming judgment of C. P. Snyder Co., Dec. T., 1915, No. 17, in case of Snyder County to the use of the Borough of Selinsgrove v. George C. Wagenseller. Before BROWN C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Appeal from Superior Court.

The opinion of the Supreme Court states the facts. See also 66 Pa. Superior Ct. 345.

The case was tried without a jury.

The trial judge entered judgment for plaintiff for $48, with interest and costs. Defendant appealed to the Superior Court. The Superior Court affirmed the judgment of the Court of Common Pleas. Defendant appealed.

*Error assigned* was the judgment of the Superior Court.

*Harold M. McClure,* with him *Emanuel E. Pawling,* for appellant.—The treasurer of Snyder County is entitled to a reasonable compensation for his services in collecting liquor license fees belonging to the Borough of Selinsgrove: Kittanning Borough v. Mast, 15 Pa. Superior Ct. 51; Allentown v. Hartman, 22 Pa. Superior Ct. 400; Lehigh County v. Gossler, 24 Pa. Superior Ct. 406; Stroudsburg v. Shick, 24 Pa. Superior Ct. 442; Potter Co. v. Oswago Twp., 47 Pa. 162; Philadelphia v. Martin, 125

Pa. 583; County of Schuylkill v. Thomas Pepper, 182 Pa. 13.

*Chas. P. Ulrich,* for appellee, cited: Monroe Co. v. Ellenberger, 34 Pa. Superior Ct. 22; Kittanning Borough v. Mast, 15 Pa. Superior Ct. 51.

OPINION BY MR. JUSTICE FRAZER, July 17, 1918:

This appeal is from the judgment of the Superior Court, affirming a judgment of the Court of Common Pleas of Snyder County, entered for plaintiff in an action by the county against its treasurer, for the recovery of commission retained by the treasurer on liquor license fees collected by him and paid to the treasurer of the Borough of Selinsgrove. The questions presented for determination are the treasurer's right to such commission under the Act of June 9, 1891, P. L. 248, amending Section 8 of the Act of May 13, 1887, P. L. 108, and the constitutionality of the former statute.

The Act of 1887 is entitled "An act to restrain and regulate the sale of vinous and spirituous malt or brewed liquors or any admixtures thereof." Section 8 fixes the sum to be paid for licenses and provides for the disposition of the money, with the further provision that "Counties, cities, boroughs and townships, receiving parts of said licenses, shall bear their proportionate share of the expense attending the collection of the same: And provided further, That the treasurers of the several counties shall appropriate for their own use the commissions on the amounts retained for the use of their respective counties as they are now authorized to retain by law out of the moneys they returned to the State." This section was amended by Act of 1891, which made changes in the distribution of license fees, omitting, however, the provisions of the earlier act, above quoted, and made no reference to the cost of collection or commission of the treasurer. We agree with the conclusion of the court below that the omission from the later act must be accept-

ed as conclusive evidence of the legislative intent to exempt the various municipalities from liability for a proportionate share of the expense of collection, and that the treasurer was without authority to retain as commission for his services a portion of the amount collected.

That the title of the Act of 1891 fails to give notice of the intention to deprive the county treasurer of the compensation allowed by the Act of 1887, as contended by defendant, cannot be sustained. The Act of 1891 is entitled "An act to amend the eighth section of the act entitled 'An act to restrain and regulate the sale of vinous and spirituous, malt and brewed liquors or any admixture thereof,' approved May 13th, Anno Domini one thousand eight hundred and eighty-seven, providing that the license money shall be paid into the treasury of the city, county, borough and township wherever the license places are situated, and increasing the amount of license to be paid in cities of the first and second class." The general rule is that to comply with the constitutional requirements the title of an act need only give such notice of the subject-matter as to fairly and reasonably lead to an inquiry into the body of the bill: Allegheny County Home's App., 77 Pa. 77. The title of the amendment under consideration contains not only a specific reference to the original act by its title, but also refers specifically to the subject of payment of the license money into the treasury of the city, county, borough and township, as the case may be, and, the provisions in the body of the amendatory act being germane to the subject of the original legislation, the title cannot be said to be misleading. The notice of the contents is sufficient to lead persons interested in the subject-matter to inquire into the body of the act to determine how, and under what conditions, the money shall be paid and to direct the officer charged with the duty of collecting county funds to inquire whether there is a provision securing to him compensation for services in collecting the portion of the funds

payable, not to the county, but into the treasury of the local municipality.

The subject is fully and satisfactorily disposed of by the Superior Court in Stroudsburg Boro. v. Shick, 24 Pa. Superior Ct. 442, upon the authority of which this case was affirmed in the Superior Court, and requires no further discussion.

The judgment is affirmed.