Giffen v. Pittsburgh Rys. Co. et al., Appellant.

Argued May 2, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Thomas E. Whitten,* and with him *John H. Lauer,* Assistant County Solicitor, and *J. P. Fife,* County Solicitor, for appellant.

*Walter L. Dipple,* for appellee.

OPINION BY KELLER, J., July 13, 1934:

The plaintiff, while a passenger on a street car of the Pittsburgh Railways Company, was hurt by a collision between the car in which she was riding and a motor truck of the County of Allegheny, which was being operated by its employee on its business. She brought an action of trespass against both the street railway company and the county. The jury found they were both negligent and rendered a verdict against them jointly. The County of Allegheny has appealed.

The liability of the county is based on the Act of May 1, 1929, P. L. 905, which by section 619 provides:

"Section 619. Counties and Municipalities Liable for Negligence of Their Employees.—Every county, city, borough, incorporated town, or township within this Commonwealth, employing any person, shall be jointly and severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle upon a highway in the course of their employment." The Act, which in its short title is known as "The Vehicle Code," contains in its title the clause: "Imposing upon owners, counties, cities, boroughs, incorporated towns, townships, within the Commonwealth, liability for damages caused by the negligent operation of their motor vehicles," so that it is not violative of section 3, Article III of the Constitution.

The county contends that the liability thus imposed

upon it is unconstitutional, and therefore illegal, on two grounds.

(1) It contends that the Act is unconstitutional because it discriminates between horse-drawn vehicles and motor vehicles, by imposing liability for negligence only on the latter. The general assembly has the right to make such discrimination or classification, provided it is reasonable. For years motor vehicles have been subject to licensure and regulation not applicable to horse-drawn vehicles. The subjects of regulation, the requirements, the limitations, the penalties, applicable to the one, which are not applicable to the other are legion—too many to be here catalogued. The late president judge of our court—Judge PORTER— in the case of Garrett v. Turner, 47 Pa. Superior Ct. 128 (pp. 133-136) pointed out most clearly the considerations which moved the legislature to apply different rules, regulations and requirements to motor vehicles from those drawn by horses. The Supreme Court (235 Pa. 383, 84 A. 354), affirmed the judgment of this court and held the Act of April 27, 1909, P. L. 265—the forerunner of the subsequent motor vehicle codes—to be constitutional and that the classification between motor vehicles and other vehicles was not arbitrary but reasonable.

(2) The county's second contention is that the Act of 1929, supra, is unconstitutional, as respects section 619, because it does not include all the governmental subdivisions which were mentioned in the Act of May 11, 1927, P. L. 886, which it superseded.

Prior to the Act of 1927, a municipal corporation, or other governmental subdivision, was not liable for the negligent operation of any vehicle owned or used by it in the performance of duties of a public or governmental nature: Scibilia v. Philadelphia, 279 Pa. 549, 124 A. 273.

The Act of 1927 changed this as respects motor ve-

hicles by enacting (section 620): "Every county, city, borough, incorporated town or township, or other public corporation within this Commonwealth, employing any person, shall be jointly and severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle upon a highway in the course of his employment."

This was repealed and replaced by section 619 of the Act of 1929, supra, which is identical in language except that it omits the term "or other public corporation." Appellant claims that under the Act of 1927 the exemption from liability for negligence which formerly attached to government and its subdivisions had been removed as respects school districts and poor districts, whereas by the Act of 1929, they are again exempt; and contends that this renders the Act of 1929 unconstitutional as respects section 619.

Passing by the fact that school districts and poor districts are not strictly speaking "corporations," but only "quasi-corporations" (Long v. Cheltenham Twp. School District, 269 Pa. 472, 112 A. 545) the Act of 1929 is not unconstitutional because it may have the effect of discriminating between school districts and poor districts on the one hand and all other governmental agencies or subdivisions on the other. There is no constitutional requirement that legislation must be applicable alike to counties, cities, boroughs, townships, school districts and poor districts. Each is a proper subject of legislation as well as classification, and so long as the act of assembly applies to all within the subject or class,—and the classification is not arbitrary or unreasonable—it is not local or special legislation. The legislature may, if it see. fit, and for reasons which are satisfactory to it, remove the exemption from liability for the negligent performance by its agents or employees of duties which are of a public or governmental nature from counties and cities and retain it

as respects boroughs, townships and school districts. It may not create a liability or make an exemption applicable to a particular county or city; that would be unconstitutional as special legislation. But the classification of governmental divisions among counties, cities, boroughs, incorporated towns, townships, school districts and poor districts is not only valid, and legal—it is, also, in fact, necessary as well as reasonable and desirable, and the legislature may make differences and discriminations between them and is not bound to treat them in all respects alike. Our statute books are full of valid acts of assembly which apply to one or more of these governmental agencies or subdivisions and not to the rest.

The principles of legal classification have been so fully and elaborately discussed by the Supreme Court in Com. v. Puder, 261 Pa. 129, 104 A. 505; Com. v. McDermott, 296 Pa. 299, 145 A. 858; Mason-Heplin Coal Co. v. Currie, 270 Pa. 221, 113 A. 202, and other recent cases that further consideration of the subject is unnecessary.

The Constitution itself [inter alia, Art. III, sec. 7; Art. IX, sec. 8; Art. XIV; Art. XV; Schedule 1, sec. 29] recognizes the existence of governmental subdivisions, such as counties, cities, boroughs, townships, school districts, etc., and there is no provision anywhere to be found in it, that legislation to be enacted in the future must apply equally to all of them; but only that there shall be no local or special law regulating the affairs of any of them—that is, of counties, or of cities, or of boroughs, or of townships or of school districts.

Legislation by the states, as over against federal legislation by Congress, is presumed to be constitutional, and the dead hand of constitutional restriction or prohibition should not be extended beyond its plain and necessary meaning.

While we agree with the court below that a valid distinction exists which would admit of classification between counties, cities, boroughs, townships and school districts, respectively, we need not elaborate upon it, for the Constitution itself makes the division or classification and thus recognizes the right of the legislature to deal with them separately.

The accident in the case of Balashaitis v. Lackawanna County, 296 Pa. 83, 86, 145 A. 691, happened before the Act of May 11, 1927, supra. In Bandos v. Philadelphia, 304 Pa. 191, 155 A. 279, the distinction between motor vehicles and horse-drawn vehicles was recognized.

The assignments of error are overruled and the judgment is affirmed.