## Mallinger *v.* Pittsburgh, Appellant.

Argued October 9, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

258

*Anne X. Alpern,* Assistant City Solicitor, with her *Ward Bonsall,* City Solicitor, and *Thomas M. Benner,* First Assistant City Solicitor, for appellant.

*Ben Paul Brasley,* of *Brasley, Rubin, Balter & Cole,* with him *L. Daniel Schmidt,* for appellee.

OPINION BY MR. JUSTICE MAXEY, November 26, 1934:

On April 30, 1931, the appellee was injured by a parked automobile belonging to the City of Pittsburgh, which had run onto the sidewalk at Colwell Street and struck her. This car had been parked by a supervisor of the bureau of highways and sewers, who had driven to this locality for the purpose of inspecting the work of city employees engaged in the removal of debris accumulated in a public alley near by. While the supervisor had his right foot on the running board and his left foot on the street, the automobile began to move and the accident occurred. Suit was brought and plaintiff recovered a verdict in the sum of $2,700. Defendant's motion for judgment n. o. v. was refused.

The first question raised by appellant in its "Statement of Questions Involved" is whether the supervision by a municipal employee of the cleaning of a public alley by municipal workmen, is a governmental function. Appellant contends that it was, citing Scibilia v. Phila., 279 Pa. 549, 124 A. 273; Balashaitis v. Lack-

awanna Co., 296 Pa. 83, 145 A. 691; Bandos v. Philadelphia, 304 Pa. 191, 155 A. 279; and Szilagyi v. Bethlehem, 312 Pa. 260, 167 A. 782; and maintains that the city is not liable because the liability of municipal corporations for the negligent acts of its employees is limited to such acts as were performed in connection with its corporate functions.

The appellee claims that even if the employee was performing a governmental function, the city is liable under section 619 of the Act of June 22, 1931, P. L. 751 (amending the Act of May 1, 1929, P. L. 905), which provides that "every county, city, borough, incorporated town, or township within this Commonwealth, employing any person, shall be jointly and severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle upon a highway in the course of their employment." Appellant then challenges this section's constitutionality as being special legislation and as making an arbitrary classification of governmental agencies, excluding school districts, poor districts and the Commonwealth, and excludes permanently from its operation one or more of the subjects to which the act relates, such as horse-drawn vehicles, bicycles or wheeled vehicles other than automobiles. On this issue the court below aptly said: "It seems to us there is a valid distinction between cities, counties, boroughs, incorporated towns and townships on one hand, and school districts and poor districts on the other hand......While school districts have buildings, their main function relates to individuals, mostly children. Poor districts have buildings, but their chief business is to care for indigent people and the insane. School districts and poor districts probably do have motor vehicles, but not very many of them, and the use of such conveyances is merely incidental to their main business, which is dealing with individuals. ......We are of the opinion there is no arbitrary classification in the Act of 1931 because the liability created

by section 619 relates to motor vehicles and not to horse-drawn vehicles or bicycles or other conveyances mentioned in the Act. The use of motor vehicles has increased to such an extent that the operation of them creates a great variety of hazards to the users of our highways......The hazard from horse-drawn vehicles today is almost negligible."

In the case of Com. v. Lukens, 312 Pa. 220, 223, 167 A. 167, in our opinion we quoted with approval the following from Cooley's Constitutional Limitations, 8th edition, volume 2, page 825, with regard to legislative classification of subjects: "There must be reasonable grounds......for making a distinction between those who fall within such class and those who do not." A footnote on that page cites the following from Matheson v. Minneapolis St. Ry. Co., 126 Minn. 286, 148 N. W. 71: "A classification for purposes of legislation to be valid 'must be based upon some reason of public policy, growing out of the condition or business of the class to which the legislation is limited.' But it is the province of the legislature to determine what differences or peculiarities of condition or of business, furnish a sufficient basis for applying a different rule to those engaged in such business or those affected by such condition, than is applied to the remainder of the community...... When such questions have been determined by the legislature, the legislative judgment is binding upon the courts, unless they can point out that the classification adopted is purely fanciful and arbitrary, and that no substantial or logical basis exists therefor." We say here as we said in the Lukens Case (page 228) : "There are sufficient reasons grounded in public policy to repel the imputation of arbitrariness in making the classification now challenged;......it must be borne in mind that the courts in passing upon questions like this, sit in judgment not on legislative wisdom but on legislative power." In Giffen v. Pittsburgh Rys. Co., 113 Pa. Superior Ct. 287, 173 A. 740, that court, in an opinion

by Judge KELLER, held that section 619 of the Act of 1929 was constitutional, and the exclusion of school districts, poor districts, eleemosynary institutions and the state, is not local or special legislation. Judge KELLER said: "The legislature may, if it see fit, and for reasons which are satisfactory to it, remove the exemption from liability for the negligent performance by its agents or employees of duties which are of a public or governmental nature from counties and cities and retain it as respects boroughs, townships and school districts. It may not create a liability or make an exemption applicable to a particular county or city; that would be unconstitutional as special legislation. But the classification of governmental divisions among counties, cities, boroughs, incorporated towns, townships, school districts, and poor districts is not only valid, and legal —it is, also, in fact, necessary as well as reasonable and desirable, and the legislature may make differences and discriminations between them and is not bound to treat them in all respects alike."

Appellant also contends that the title of the act is defective, because it contains more than one subject and omits reference to the imposition of joint liability in the title, although imposing such liability in the body of the act. The constitutional provision (article III, section 3) that "No bill, except general appropriation bills, shall be passed containing more than one subject which shall be clearly expressed in its title" was intended merely to prohibit the practice of passing what were known as "omnibus" bills, containing subjects foreign to each other, and whose title was on that account calculated to mislead and deceive; and a bill may still contain any number of provisions properly connected with and germane to the expressed subject, without violating the constitutional requirement. See Yeager v. Weaver, 64 Pa. 425; Sugar Notch Borough, 192 Pa. 349, 43 A. 985; Blood v. Mercelliott, 53 Pa. 391, and Com. v. Green, 58 Pa. 226. Appellant's contention that

the title of the act is defective in that it "gives no intimation that in section 619 joint liability is imposed upon municipalities and their employees" is overruled.

There is no failure in the title to sufficiently indicate the contents of the act. In Snyder County, to use, v. Wagenseller, 262 Pa. 269, 105 A. 297, this court said, in an opinion by the present Chief Justice, as to the title of the act then in question: "The notice of the contents is sufficient to lead persons interested in the subject-matter to inquire into the body of the act to determine how, and under what conditions, the money shall be paid......" This court has frequently said, "The title to an act need not be an index to the contents." See Allegheny County Home's Case, 77 Pa. 77, and Graeff v. Schlottman et al., 287 Pa. 342, 135 A. 308.

In Leinbach's Estate, 241 Pa. 32, 88 A. 67, this court said, in an opinion by Mr. Justice STEWART, in discussing the constitutional requirement as to the sufficiency of title. "...... It was never intended that the title of an act should be a complete index of its context, and that all that is required is that the title shall fairly give notice of the subject of the act so as to reasonably lead to an inquiry into the body of the bill. The purpose of the requirement was to reform a legislative practice which had theretofore prevailed of passing enactments under titles which, because of the generality of the words used therein, gave not even a hint of the subject legislated upon, and so far correct the practice that the title of acts thereafter should be so indicative of the subject of the act as to lead to inquiry and not mislead and entrap."

We hold that section 619 of the Act of May 1, 1929, P. L. 751, is constitutional.

The judgment is affirmed.