## Heistand et al. v. York County

*Amos W. Herrman*, for plaintiffs.

*Robert M. Laird* and *Harvey A. Gross*, for defendant.

ATLEE, P. J., second judicial district, specially presiding, October 29, 1935.—The averments of the plaintiffs' statement plead the following cause of action: This suit is brought by minor children of Harvey E. Heistand to recover damages for his death. The mother of the children, here acting as next friend, does not join in the action as party claimant because she was divorced from her husband, the late Harvey E. Heistand, on October 6, 1930. On July 7, 1934, Heistand was a prisoner in the county jail of York County, and on that day was riding on a truck then being used to haul prisoners from the said jail to the county farm operated by the county defendant. The truck was in charge of one Wilmer Light, a deputy warden of the jail. Prisoners, passengers on the truck, were "permitted to lie upon and hang out over each

of the two front fenders of said truck and upwards of eight prisoners were seated in the body of the truck. Harvey E. Heistand, the hereinbefore mentioned decedent, was riding in the body of said truck." At the intersection of two streets the truck collided with an automobile, swerved to the right, collided with a tree, and threw Heistand onto his head in the highway. The injuries thus received resulted in his death two days later, namely, on July 9, 1934. The collision so resulting in Heistand's death is averred to have been due to the negligent operation of the truck by the deputy warden of the defendant's county jail. Of what this negligence consisted is set forth at length in the plaintiffs' statement. It is not necessary to give details at this stage of the case.

To the plaintiffs' statement the defendant county has filed an affidavit of defense raising a question of law and averring that the statement fails to show any legal cause of action against the defendant.

Section 619 of The Vehicle Code of May 1, 1929, P. L. 905, provides as follows:

"Every county, city, borough, incorporated town, or township within this Commonwealth, employing any person, shall be jointly and severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle upon a highway in the course of their employment."

Upon argument of the question raised by the affidavit of defense, the defendant County of York, by its counsel, contended that the Prison Board of York County had charge of prisoners in the county jail, that said prison board was a separate legal entity having the management and exclusive control of the county prison and prisoners therein confined, and that the County of York therefore could not be held liable in this action. Counsel for the defendant further contended that the prison board itself could not be held for this cause of action under the statute making a county liable for the negligence of its servants, because Deputy Warden Wilmer Light was not the

servant of the county, but the servant of the prison board, which, in transferring the prisoners, was not acting in a corporate or business capacity but was performing duties of a public and governmental character in the prison board's capacity as a direct agent of the Commonwealth of Pennsylvania.

York County is a county of the fourth class. The Act of May 16, 1921, P. L. 579, sec. 1, provides that in counties of the third and fourth classes the judges of the court of quarter sessions, the district attorney, the sheriff, the controller, and the commissioners of each county shall constitute the prison board, in which board, and the officers appointed by it, the safekeeping, discipline, and employment of prisoners, and the government and management of said institution, shall be exclusively vested. Additional sections of the act provide for details of organization and operation.

For support of their contention as to the legal principle to be applied here, counsel for the defendant rely chiefly upon a decision by the Supreme Court of Pennsylvania in the case of Kelley v. Cumberland County, 229 Pa. 289. That case arose from an action in trespass to recover damages for personal injuries alleged to have been caused by negligence in repairing a public road. The repairing was undertaken by the prison board of the county under the provisions of the Act of May 25, 1907, P. L. 247, which act authorizes the employment of male prisoners of the jails and workhouses of this Commonwealth upon the public highways of the several counties, etc. That decision says at page 293: " 'A municipal corporation is not impliedly liable to an action for damages either for the nonexercise of, or for the manner in which in good faith it exercises discretionary power of a public or legislative character' "; and at page 294: "Whether the prisoners in jails shall be compelled to labor, is a matter of public concern, not affecting the counties in any way." The Supreme Court affirmed the judgment of the

lower court, which had given binding instructions for the defendant.

There is nothing in the Prison Board Act of May 16, 1921, supra, which imposes upon such boards, or upon third and fourth class counties, any liability greater than the liability imposed by the provisions of the Act of May 25, 1907, P. L. 247.

The plaintiff, in reply to this argument, has cited the following decisions, namely: Giffen v. Pittsburgh Rys. Co. et al., 113 Pa. Superior Ct. 287, where the plaintiff, while a passenger on a street car of the Pittsburgh Railways Company, was hurt in a collision between the car and a motor truck owned by the County of Allegheny and operated on county business by a county employe; Mallinger v. Pittsburgh, 316 Pa. 257, where the plaintiff was injured by an automobile owned by the City of Pittsburgh; and Graff v. McKeesport, 316 Pa. 263, where the plaintiff was injured by a police car owned by the defendant and operated by a police officer. In all of these cases judgments for the plaintiff were affirmed because of the provisions of the Act of June 22, 1931, P. L. 751, sec. 619, which imposes upon every county, city, borough, incorporated town, or township, liability for damages caused by negligent operation upon a highway of a motor vehicle operated by an employe and occurring in the course of employment.

In the case of Mallinger v. Pittsburgh, supra, at page 259, Mr. Justice Maxey, in passing upon section 619 of the Act of June 22, 1931, P. L. 751, decided that said act was constitutional, even although it excluded "school districts, poor districts and the Commonwealth". That is, these entities are exempted because not made liable specifically. Unquestionably there is no statutory liability for negligence of employees imposed upon boards of prison inspectors, or upon the county in which the jail is located, unless such liability is found in section 619 of the act just cited. Since the act does not specifically include boards of prison inspectors and since the county prison

of York County is under the control of a separate municipal authority, the County of York would not be liable for the negligence of a deputy warden of the jail.

Furthermore, the care and maintenance of prisoners in a county jail is a governmental service and duty to be performed by public officials, and the negligent performance thereof is a breach of a public duty for which no private action accrues to an individual who sustains an injury resulting therefrom, unless by statutory sanctions: Liming v. Holman, Sheriff, et al., 10 N. J. Misc. 582, 160 Atl. 32, 33. "No government has ever held itself liable to individuals for the misfeasance, laches, or unauthorized exercise of power by its officers and agents": Gibbons v. United States, 8 Wall. 269.

In the case of Clodfelter v. The State of North Carolina, 86 N. C. 51 (page 67 of reprint of 1905), the facts were as follows: Clodfelter, the plaintiff, a convict sentenced to hard labor in the State's prison for a series of years, was assigned to work on the Cape Fear and Yadkin Valley Railroad, and, while engaged in blasting rock, by a premature explosion sustained an injury in the loss of both his eyes. The complaint ascribed the explosion to the gross negligence of the supervising manager, under whose authority and control he was placed, in not supplying water in sufficient quantity to use in the operation and prevent the accident. This was the case made in the complaint, and the liability of the State to make compensation was based upon the ground of the coerced labor put upon the plaintiff, and the taking from him of all volition in avoiding danger and providing for his own safety. Because the convict was put to work in constructing a railroad, a private enterprise, and not employed at any public work when the accident occurred, plaintiff's counsel contended that the case was not controlled by the legal principle that the doctrine of respondeat superior does not prevail against the sovereign in the necessary employment of public agents in the performance of governmental functions, and hence con-

tended that the plaintiff had pleaded a good cause of action. The court said:

"We cannot recognize the distinction as affecting the results, nor feel the force of the reasoning by which it is sustained. We do perceive why, when convicts are employed in quarrying rock for the construction of the penitentiary itself, the rule of liability should be different from that which controls when they are engaged in similar work to aid in the building of a railroad or other less public work. They are in both cases under the control and supervision of managers or overseers appointed by the public authorities, and the protection of law.

"The substitution of hard labor outside of the walls of the prison when the convict's condition is normal, and he has, in fresh air, pure water and wholesome food, superior advantages over a close confinement, is a humane and ameliorating policy in reference to the convict himself, as well as a more profitable use of his labor for the state, and not coming in competition with the trade of private persons, and yet it is the performance of an imposed service for crime and answers all the purposes of punishment for its commission.

"We are clearly of opinion that the state has incurred no legal liability for the negligence imputed to the overseer, and he alone, if any one, is answerable for the consequences of his neglect. The demurrer must therefore be sustained, and the action dismissed."

A municipality is not liable for injuries inflicted by an employe in the performance of a duty if the service was of a governmental character, delegated to the municipality to be performed on behalf of the sovereign State, unless such liability is imposed by statute: Devers v. Scranton City, 308 Pa. 13, 15.

The deputy warden was acting in a governmental affair, as distinguished from one that was a purely business matter. In the former affair the deputy warden's principal acted as an agent of the Commonwealth, and is not responsible either for the malfeasance or the mis-

defeasance of its officer: Leary v. Philadelphia et al., 314 Pa. 458, 474.

The true test in this case goes to the nature of the duty involved in caring for the prisoners. Was the duty corporate and managerial, or was it public and governmental? If the latter, the doctrine of respondeat superior would not apply: Scibilia v. Philadelphia, 279 Pa. 549, 553.

Hence the court concludes that neither the County of York nor the prison board of that county can be held responsible for the alleged negligence of the deputy warden as pleaded in the plaintiffs' statement.

In the opinion of the court this decision of the question of law raised by the affidavit of defense disposes of the whole of the plaintiffs' claim and the court now enters judgment against the plaintiffs and for the defendant, the County of York.