## Van Meter et al. v. Moore

Leroy K. Donaldson, for plaintiffs.
Robert L. Wallace, for defendant.

BRAHAM, P. J., February 23, 1938.—On November 30, 1937, we filed an adjudication in this case which has been reported in 30 D. & C. 459. No exceptions were ever filed. However, on January 4, 1938, a petition was filed by defendant for a rehearing with reference to one feature of the opinion. The matter in hand can be approached by quoting the language objected to. It is as follows (p. 465) :

"Plaintiffs challenge the right of the tax collector to add costs to the amount of the tax and penalty. Clearly under the original Act of 1834, costs could be added to the tax. The Act of 1911, P. L. 309, art. V, sec. 561, as amended by the Act of 1925, P. L. 434, sec. 1, 24 PS §608, provides that the penalty shall be added to the tax and become a part of it. But the right to recover costs rests entirely upon the provisions of the Act of 1834. This act has been amended by the Act of 1927, P. L. 712, by the Act of 1931, P. L. 42, by the Act of 1935, P. L. 81, sec. 1, 72 PS §5641. In the amendment of 1935 the legislature, apparently in the attempt to strike down the right to imprison the taxable for failure to pay the taxes, struck out at the same time all reference to costs. We find therefore, no statutory background for the collection of costs and are forced to conclude that the tax collector should not have added costs to the tax and penalty."

By our finding in our original adjudication that the defendant tax collector had not laid the proper foundation by appropriate distress and notice thereof, a determination of the collector's right to add costs to the amount of the tax and penalty is perhaps not material, but the printing of the opinion renders it desirable to make it as correct a statement of the law as may be.

The gist of what was said in our original adjudication on this point is that by the Act of April 25, 1935, P. L. 81, sec. 1, 72 PS §5641, the right of the tax collector to add costs to the amount of the tax and penalty, which had been theretofore enjoyed, was stricken down. Upon the reargument two objections were raised to this conclusion:

1. The Act of 1935, supra, was unconstitutional insofar as it struck down the right to add costs, because no notice of this subject matter was contained in its title.

2. By the Act of June 25, 1885, P. L. 187, as amended by the Act of June 29, 1923, P. L. 965, 53 PS §18793 and 18818, and by section 570 of The Second Class Township Law of May 1, 1933, P. L. 103, a tax collector of a second class township was given the right upon distress for school taxes to add costs to the tax and penalty, which right was not affected in any way by the Act of 1935.

The first contention must be rejected. Article III, sec. 3, of the Constitution, which is relied upon, reads as follows: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title". The title of the original Act of April 15, 1834, P. L. 509, is very broad, namely: "Relating to county rates and levies and township rates and levies". The title to an act need not be an index to its contents: Allegheny County Home's Case, 77 Pa. 77; Graeff v. Schlottman et al., 287 Pa. 342. If notice of the contents is sufficient to lead persons interested in the subject matter to inquire into the body of the act, it is sufficient: Young et al. v. Fetterolf et al., 320 Pa. 289, 303; Snyder County, to use, v. Wagenseller, 262 Pa. 269. The unity of the subject of a statute is to be determined by its paramount purpose rather than by the details by which that purpose is to be accomplished: Page v. Carr, 232 Pa. 371. Further, it has uniformly been held that the title of an act sought to be amended, being recited in the title of the amendatory act, is to be treated as part thereof relative to the sufficiency of its title under this section of the constitution: Commonwealth ex rel. v. Dale Borough, 272 Pa. 189. The Act of 1935 recites the title of the Act of 1834. Considering the titles of the acts together, it is clear that any reasonable person would be put on inquiry thereby as to the right of a tax collector to add costs to the tax and penalty.

The second contention must be sustained. To restate the essential elements of the problem, the Act of 1834 provided for the appointment of persons to collect county rates and levies, who were to have the right of distraint with costs. The Act of 1885, supra, later amended by the Act of 1923, supra, provided for the election of a township tax collector who should collect county, borough, township, school, poor, and other taxes. Section 5 of that act provides:

"The collector of taxes shall have all the power for the collection of said taxes, during his term of office, heretofore vested in collectors of county taxes under existing laws, and be subject to the same liabilities and penalties for neglect, or violation of the duties of his office."

At the time of the adoption of the Act of 1885, collectors of county taxes enjoyed the right of distraint and the right to add costs to the amount of tax with penalty. Defendant insists that by the passage of this act the legislature granted to the tax collector the right to add costs to a warrant for the collection of school taxes. Defendant relies, and has furnished us with an extensive brief, upon the doctrine of adoption of statutes by reference, which is stated in 25 R. C. L. §160, p. 907, as follows:

"Statutes which refer to other statutes and make them applicable to the subject of the legislation are called 'reference statutes'. Their object is to incorporate into the act of which they are a part the provisions of other statutes by reference and adoption. Reference statutes are of frequent use to avoid encumbering the statute books by unnecessary repetition, and they have frequently been recognized as an approved method of legislation, in the absence of constitutional restrictions."

Since the provisions of the Act of 1834 with reference to distraint and costs became part of the powers of the collectors of school taxes by virtue of the Act of 1885, proceeds the argument, the rights granted by the Act of

1885 were not repealed by the Act of 1935 in the absence of an express repeal. This point we believe to be well taken unless, as pointed out in the section quoted from 25 R. C. L. supra, it is prevented by constitutional restriction. The material provision of the Constitution of Pennsylvania is art. III, sec. 6, which reads as follows:

"No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."

Plaintiffs upon reargument insist that this constitutional restriction made impossible the incorporation of the provisions of the Act of 1834 into the Act of 1885 and that, therefore, there has never been any appropriate legislative warrant for collection of school taxes by distraint or the addition of costs thereto.

But article III, sec. 6, of the Constitution relates only to express amendments: Searight's Estate, 163 Pa. 210; Ruler v. York County et al., 290 Pa. 427, 435. The Act of 1885 is not an amendment or supplement to the Act of 1834 but is an independent piece of legislation. An act complete in itself which applies and establishes methods of procedure, whether it be by common law or statute or joint operation of both, to a new class of cases by general reference only, does not violate this clause of the Constitution, though it may operate to some extent as an extension of a previous statute: James Smith Woolen Machinery Co. v. Browne, 206 Pa. 543. A situation somewhat similar to our own is found in Cornman v. Hagginbotham, 227 Pa. 549.

We were in error in holding that there is now no statutory provision allowing the collector of school taxes in a township of the second class to add costs to the amount of the taxes and penalty where collected by distraint. He has this right by virtue of section 5 of the Act

of 1885, supra, and also by reason of section 570 of The Second Class Township Law of 1933, supra. Neither of these acts is unconstitutional under article III, sec. 6, of the Constitution for the reasons above stated.

The opinion of this court filed November 30, 1937, and reported in 30 D. & C. 459, is modified in accordance with this opinion.