## Commonwealth ex rel. v. Moyer

*Lewis R. Long*, for relator.
*Justin D. Jirolanio*, for respondent.

FRACK, J., August 18, 1947.—In the case of Commonwealth v. Borso, 59 D. & C. 587, defendant made motions to quash an array of petit jurors and to quash an indictment, inter alia, for the reason that the presently incumbent jury commissioners of Northampton County were serving illegally in that one was serving his third consecutive term and the other was serving his fourth consecutive term, in alleged violation of a prohibition contained in the Act of April 10, 1867, P. L. 62, sec. 1, 17 PS § 941. We held that an array of jurors will not be quashed, nor will an indictment be quashed, because of an alleged illegality of tenure of office of jury commissioners if it appears that such commissioners hold office under color of an election by the people and are performing the duties of their office; the right of the jury commissioners to hold office cannot be attacked collaterally as said defendant attempted to do, but can be questioned only by a writ of quo warranto.

Because there is a universal interest in a proper adherence to essential and fundamental features of our jury system, we felt that there should be a definite adjudication as to the truth or lack of merit of this charge widely discussed and considered sensational; and in order that there might be a proper adjudication we suggested in our opinion that the district attorney promptly institute a proceeding of quo warranto to determine the right of the incumbent jury commissioners to hold office.

The district attorney in a manner akin to an amicus curiae instituted inter alia a proceeding against Clarence O. Moyer, one of the jury commissioners, to test his right to hold office since he is serving his fourth consecutive term, in an alleged violation of an express provision set forth in the Act of 1867. Respondent jury commissioner filed a preliminary objection to the complaint averring inter alia that the said Act of 1867 does not control by reason of the Act of June 9, 1931, P. L. 401, sec. 1, 16 PS §293.

Counsel for respondent urges that said Act of June 9, 1931, in amending The General County Law of May 2, 1929, P. L. 1278, sec. 293, 16 PS §293, in effect repealed the prohibition against reëlection contained in the Act of 1867. Counsel for relator, on the other hand, urges that the Act of 1931 amends merely the Act of 1929 and does not amend the Act of 1867 and that the Act of 1931 would be unconstitutional as an amendment to the Act of 1867, because there is no notice of such an intended amendment given by the title of the Act of 1931. Our attention has not been directed to any case controlling the question before us nor in our search have we found any authority directly in point.

In the first section of the Act of April 10, 1867, P. L. 62, 17 PS §941, the legislature provided in connection with the election of jury commissioners that "the same person or persons shall not be eligible for reelection more than once in any period of six years". In section

293 of the Act of May 2, 1929, P. L. 1278, 16 PS §293, in connection with the eligibility of jury commissioners in counties of the third, fourth, fifth, sixth, seventh and eighth classes, the legislature again provided: "the same person or persons shall not be eligible for reelection more than once in any period of six years". Section 3 of said Act of May 2, 1929, 16 PS §3 states that "the provisions of this act, as far as they are the same as those of existing laws, shall be construed as a continuation of such laws, and not as new enactments . . ." Therefore, the reiterated prohibition against "reelection more than once in any period of six years" must be considered as the legislative rule on eligibility from the enactment of said Act of 1867 and not born of its reënactment in 1929. "When a statute continues a former statute law, the law common to both acts dates from its first adoption": Harvey v. City of Hazleton, 81 Pa. Superior Ct. 1 (syllabus).

The Act of June 9, 1931, P. L. 401, provides by its title that it is an act "To amend the act, approved the second day of May, one thousand nine hundred and twenty-nine (Pamphlet Laws, one thousand two hundred seventy-eight), entitled 'An act relating to counties of the second, third, fourth, fifth, sixth, seventh and eighth classes; and revising, amending and consolidating the laws relating thereto,' by further regulating the affairs of such counties; imposing penalties for certain violations of said act, as amended; and repealing certain existing laws." Section 1 of the 1931 act amends inter alia section 293 of the 1929 act concerning eligibility of jury commissioners for reëlection and the official Pamphlet Laws for the year 1931 set forth section 293 as amended to be as follows:

"In the election of jury commissioners in counties of the third, fourth, fifth, sixth, seventh and eighth classes, each qualified elector shall vote for not more than one person, and the two persons having the highest number of votes shall be elected. [The same person or

persons shall not be eligible for reelection more than once in any period of six years]."

Under the provisions of the Act of March 16, 1923, P. L. 11, now repealed, then in full force and effect, the words, phrases, or provisions of an act which are contained in the brackets in the amendment are to be regarded as stricken out and eliminated from the original act by the adoption of the amendment, so that the 1929 act, as amended, no longer contains any prohibition against reëlection of jury commissioners in a county of the fourth class to which the County of Northamption belongs. Where a statute has been amended, it will be read as if the amendment had originally been a part of it: Bethlehem School District Appeal, 351 Pa. 433; Spain's Estate, 327 Pa. 226; Endlich, Interpretation of Statutes 397, §294; 59 C. J. 1096, §647. Whenever a section or part of a law is amended, the amendment is construed as merging in the original act, becomes a part thereof, and replaces the part amended and the remainder of the original act and the amendment are read together and viewed as one law passed at one time: Statutory Construction Act of May 28, 1937, P. L. 1019, article V, sec. 73, declaratory of existing law; 50 Am. Jur. 481, §468; Commonwealth, to use, v. Barrett et al., 304 Pa. 13; Commonwealth ex rel. Kelley v. Clark et al., 327 Pa. 181. An amendment of an act operates as a repeal of provisions of the amended act, which are changed by, in conflict with, and repugnant to, the amendatory act: 50 Am. Jur. 556, §552; Endlich, Interpretation of Statutes, 264, §195.

The prohibition contained in the Act of 1867 and also in the original Act of 1929 that the "same person or persons shall not be eligible for reelection more than once in any period of six years" had an identity of object and purpose. They were statutory provisions in pari materia and could be construed as one law and necessarily were construed as one law pursuant to

section 3, supra, of the Act of 1929. See also Dixon's Case, 138 Pa. Superior Ct. 385, 391. In the instant case concerning said provisions in pari materia, because of the amendment to the Act of 1929 eliminating this prohibition against reëlection, the Act of 1867 and the Act of 1929 as amended have become irreconcilable and mutually repugnant so that the one later in date or order repeals the earlier one by implication: Endlich, Interpretation of Statutes 259, §187. If the coexistence of two sets of provisions would be destructive of the object for which the latter act was passed, the earlier is repealed by the latter: Endlich, Interpretation of Statutes 268, §200.

It is an elementary rule of statutory construction that a change of language indicates a change of legislative intent: Ogilvie's Estate, 291 Pa. 326; Vince v. Allegheny Pittsburgh Coal Co., 153 Pa. Superior Ct. 333. The presumption is that the same prohibition in the Act of 1867 was not intended to be continued: See Werner et al. v. King et al., 310 Pa. 120. Any other construction would nullify the amendment completely, and not take into account the purpose of the amendment. The last expression of the legislative will ought to control for the legislature intended to give effect to its enactment: 50 Am. Jur. 539, §534. The rule therefore is that whenever the provisions of two or more laws on the same subject passed at different sessions of the legislature are irreconcilable, the law latest in date of final enactment governs: Ogilvie's Estate, supra. The later act operates to the extent of the irreconcilable repugnancy as a repeal of the former act and it is not necessary that the later act contain a provision expressly repealing the prior act or any part thereof: Bradley Election Case, 352 Pa. 63; Commonwealth v. Gross, 145 Pa. Superior Ct. 92.

The Act of 1929 by express provision is called "The General County Law". This is a classification act which in section 1052 provides that its effect on other legisla-

tion is that "all other acts and parts of acts inconsistent with this act are repealed . . .". Not only is it a classification act, but under its title it revises, amends and consolidates those laws relating to second, third, fourth, fifth, sixth, seventh and eighth class counties. Although the prohibition against reëlection contained in the Act of 1867 was not repealed by implication upon the original passage of the Act of 1929, we are of the opinion that since the amendment made by the Act of 1931 must be construed as merging in the original act to become a part thereof and replace the part amended, the Act of 1929 as amended must manifestly be intended as a substitute for, and a repeal of, the provision with reference to eligibility for reëlection contained in the Act of 1867. Cf. Commonwealth ex rel. v. Moore, 255 Pa. 402; Murdoch v. Biery et al., 269 Pa. 577; Devine et al. v. John Lang Paper Co., Inc., 307 Pa. 566; Werner et al. v. King et al., 310 Pa. 120; Bosack v. Schuylkill County et al., 311 Pa. 157; Kistler et al. v. Carbon County et al., 154 Pa. Superior Ct. 299.

We find no merit in the contention that the Act of 1931 gives no notice of an intention to repeal the provision in the Act of 1867 with its limitation on reëlection. Where a general act is passed, covering a subject, which repeals inconsistent acts on the same subject, the repealing clause is always germane to the subject and it is not necessary under article III, section 3 of the Constitution, to refer in the title to the repealing clause and a repeal clause is not unconstitutional because the legislature failed to express the subject of repeal in the title of the act: Baker et al. v. Kirschnek et al., 317 Pa. 225. The repeal of previous acts or parts of acts on the same general subject is always germane to the title: Commonwealth v. Moir, 199 Pa. 534; Lutz v. Matthews, 37 Pa. Superior Ct. 354. The general rule is that to comply with the constitutional requirements the title of an act need only give such notice of the subject matter as to fairly and reasonably lead to an

inquiry into the body of the bill: Snyder County, to use, v. Wagenseller, 262 Pa. 269; Appeal of School District of the City of Bethlehem, supra; Allegheny County Home's Case, 77 Pa. 77. This is the rule when there is an express repeal. Likewise when there is an implied repeal, the title need not give express notice of such repeal: Endlich, Interpretation of Statutes 262, §191; 59 C. J. 816, §398 and cases therein cited.

And now, August 18, 1947, it is ordered, adjudged and decreed that Clarence O. Moyer was lawfully reëlected to a fourth term as jury commissioner of Northampton County and judgment is entered in favor of Clarence O. Moyer in this quo warranto proceeding.